UNITED STATES BANKRUPTCY COURT
DISTRICT OF
DIVISION

In re: §
§
VINEETA PRASAD § Case No. 09-24416
§
Debtor(s) §

## TRUSTEE'S FINAL REPORT (TFR)

The undersigned trustee hereby makes this Final Report and states as follows:

1. A petition under chapter    of the United States Bankruptcy Code was filed on
    . The undersigned trustee was appointed on .

2. The trustee faithfully and properly fulfilled the duties enumerated in 11 U.S.C. §704.

3. All scheduled and known assets of the estate have been reduced to cash, released to the debtor as exempt property pursuant to 11 U.S.C. § 522, or have been or will be abandoned pursuant to 11 U.S.C. § 554. An individual estate property record and report showing the disposition of all property of the estate is attached as **Exhibit A**.

4. The trustee realized gross receipts of          $

  Funds were disbursed in the following amounts:

  Payments made under an interim disbursement
  Administrative expenses
  Bank service fees
  Other payments to creditors
  Non-estate funds paid to 3rd Parties
  Exemptions paid to the debtor
  Other payments to the debtor

  Leaving a balance on hand of[1]          $

The remaining funds are available for distribution.

---

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. §326(a) on account of the disbursement of the additional interest.

UST Form 101-7-TFR (5/1/2011) *(Page: 1)*

     5.  Attached as **Exhibit B** is a cash receipts and disbursements record for each estate bank account.

     6.  The deadline for filing non-governmental claims in this case was _____ and the deadline for filing governmental claims was . All claims of each class which will receive a distribution have been examined and any objections to the allowance of claims have been resolved.  If applicable, a claims analysis, explaining why payment on any claim is not being made, is attached as **Exhibit C**.

     7.  The Trustee's proposed distribution is attached as **Exhibit D**.

     8.  Pursuant to 11 U.S.C. § 326(a), the maximum compensation allowable to the trustee is $ _____ .  To the extent that additional interest is earned before case closing, the maximum compensation may increase.

     The trustee has received $ \_\_\_\_\_ as interim compensation and now requests a sum of $ \_\_\_\_\_ , for a total compensation of $ \_\_\_\_\_ [2]. In addition, the trustee received reimbursement for reasonable and necessary expenses in the amount of $ \_\_\_\_ , and now requests reimbursement for expenses of $ \_\_\_\_ , for total expenses of $ \_\_\_\_\_ [2].

     Pursuant to Fed R Bank P 5009, I hereby certify, under penalty of perjury, that the foregoing report is true and correct.

Date:_____    By:/s/GREGG SZILAGYI_____
                                                   Trustee

**STATEMENT**: This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

---

[2] If the estate is administratively insolvent, the dollar amounts reflected in this paragraph may be higher than the amounts listed in the Trustee's Proposed Distribution (Exhibit D).

UST Form 101-7-TFR (5/1/2011) *(Page: 2)*

FORM 1
**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**
**ASSET CASES**

Exhibit A

| Case No: | 09-24416 | TAB | Judge: | Timothy A. Barnes | Trustee Name: | GREGG SZILAGYI |
| Case Name: | VINEETA PRASAD | | | | Date Filed (f) or Converted (c): | 07/03/2009 (f) |
| | | | | | 341(a) Meeting Date: | 08/14/2009 |
| For Period Ending: | 12/22/2014 | | | | Claims Bar Date: | 09/26/2011 |

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| Asset Description (Scheduled and Unscheduled (u) Property) | Petition/ Unscheduled Values | Est Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Formally Abandoned OA=554(a) | Sale/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |
| 1. Checking Account with TCF Bank | 200.00 | 0.00 | | 0.00 | FA |
| 2. Household Goods and Furniture | 1,000.00 | 0.00 | | 0.00 | FA |
| 3. Clothing and wearing apparel | 600.00 | 0.00 | | 0.00 | FA |
| 4. 401k plan through Oppenheimer funds. | 3,250.00 | 0.00 | | 0.00 | FA |
| 5. Vineeta Prasad v. Axiom Corporation filed 9/22/2010 (u) | 80,000.00 | 65,000.00 | | 20,000.00 | FA |
| 6. 2001 Mercedes Benz CLK 320 with 95,000 miles | 5,300.00 | 100.00 | | 0.00 | FA |
| 7. REAL ESTATE 630 N STATE ST #2710, CHGO IL | 550,000.00 | Unknown | | 0.00 | FA |
| 8. REAL ESTATE - 10523 BERMUDA AVE, TAMPA FL | 415,000.00 | Unknown | | 0.00 | FA |
| INT. Post-Petition Interest Deposits (u) | Unknown | N/A | | 0.00 | Unknown |

Gross Value of Remaining Assets

TOTALS (Excluding Unknown Values)        $1,055,350.00        $65,100.00        $20,000.00        $0.00

(Total Dollar Amount in Column 6)

Major activities affecting case closing which are not reflected above, and matters pending, date of hearing or sale, and other action:

Initial Projected Date of Final Report (TFR): 06/30/2013        Current Projected Date of Final Report (TFR): 09/01/2014

**FORM 2**

**ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD**

Exhibit B

| | |
|---|---|
| Case No: 09-24416 | Trustee Name: GREGG SZILAGYI |
| Case Name: VINEETA PRASAD | Bank Name: Associated Bank |
| | Account Number/CD#: XXXXXX0922 |
| | Checking |
| Taxpayer ID No: XX-XXX8332 | Blanket Bond (per case limit): $5,000,000.00 |
| For Period Ending: 12/22/2014 | Separate Bond (if applicable): |

| 1 | 2 | 3 | 4 | | 5 | 6 | 7 |
|---|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description of Transaction | Uniform Tran. Code | Deposits ($) | Disbursements ($) | Account/CD Balance ($) |
| 03/27/14 | 5 | ACXIOM CORPORATION | SETTLEMENT OF EMPLOYMENT CASE | 1229-000 | $20,000.00 | | $20,000.00 |
| 04/07/14 | | Associated Bank | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $10.00 | $19,990.00 |
| 05/07/14 | | Associated Bank | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $28.76 | $19,961.24 |
| 06/06/14 | | Associated Bank | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $29.68 | $19,931.56 |
| 07/08/14 | | Associated Bank | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $28.68 | $19,902.88 |
| 08/07/14 | | Associated Bank | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $29.59 | $19,873.29 |
| 09/08/14 | | Associated Bank | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $29.55 | $19,843.74 |
| 10/02/14 | 101 | VINEETA PRASAD<br>32650 Nantasket Drive<br>Apt #94<br>Rancho Palos Verdes, CA 90275 | EXEMPTION PAYMENT | 8100-002 | | $1,200.00 | $18,643.74 |

| | | |
|---|---:|---:|
| COLUMN TOTALS | $20,000.00 | $1,356.26 |
| Less: Bank Transfers/CD's | $0.00 | $0.00 |
| Subtotal | $20,000.00 | $1,356.26 |
| Less: Payments to Debtors | $0.00 | $1,200.00 |
| Net | $20,000.00 | $156.26 |

UST Form 101-7-TFR (5/1/2011) *(Page: 4)*          Page Subtotals:          $20,000.00          $1,356.26

Exhibit B

TOTAL OF ALL ACCOUNTS

| | NET DEPOSITS | NET DISBURSEMENTS | ACCOUNT BALANCE |
|---|---|---|---|
| XXXXXX0922 - Checking | $20,000.00 | $156.26 | $18,643.74 |
| | $20,000.00 | $156.26 | $18,643.74 |
| | (Excludes account transfers) | (Excludes payments to debtors) | Total Funds on Hand |

| | |
|---|---|
| Total Allocation Receipts: | $0.00 |
| Total Net Deposits: | $20,000.00 |
| Total Gross Receipts: | $20,000.00 |

Exhibit C
ANALYSIS OF CLAIMS REGISTER

Case Number: 1:09-24416-SPS  
Debtor Name: VINEETA PRASAD  
Claims Bar Date: 9/26/2011  

Date: December 22, 2014

| Code # | Creditor Name And Address | Claim Class | Notes | Scheduled | Claimed | Allowed |
|---|---|---|---|---|---|---|
| 100 2100 | GREGG SZILAGYI<br>542 South Dearborn Street<br>Suite 1060<br>Chicago, Illinois 60605<br>, | Administrative | | $0.00 | $2,630.00 | $2,630.00 |
| 100 2700 | Clerk of the U. S. Bankruptcy Court<br>219 S. Dearborn Street<br>Chicago, Il 60604 | Administrative | | $0.00 | $260.00 | $260.00 |
| 100 3210 | BALDI BERG & WALLACE<br>20 NORTH CLARK STREET<br>CHICAGO, IL 60602 | Administrative | Baldi Berg, Ltd. HAS voluntarily agreed to subordinate the payment of its fees to the Trustee's compensation allowed pursuant to Section 326 and the pro rata payments totaling $5,000.00 to allowed general unsecured creditors. | $0.00 | $57,097.50 | $11,013.74 |
| 1 300 7100 | Discover Bank<br>Db Servicing Corporation<br>Po Box 3025<br>New Albany, Oh 43054-3025 | Unsecured | | $0.00 | $16,768.34 | $16,768.34 |
| 2 300 7100 | N. A. Fia Card Services<br>Po Box 15102<br>Wilmington, De 19886-5102 | Unsecured | | $0.00 | $18,638.15 | $18,638.15 |
| 3 300 7100 | N. A. Fia Card Services<br>Po Box 15102<br>Wilmington, De 19886-5102 | Unsecured | | $0.00 | $12,285.76 | $12,285.76 |
| 4 300 7100 | Chase Bank Usa Na<br>Po Box 15145<br>Wilmington, De 19850-5145 | Unsecured | | $0.00 | $10,194.67 | $10,194.67 |
| 5 300 7100 | Chase Bank Usa Na<br>Po Box 15145<br>Wilmington, De 19850-5145 | Unsecured | | $0.00 | $15,187.69 | $15,187.69 |
| 6 300 7100 | Chase Bank Usa Na<br>Po Box 15145<br>Wilmington, De 19850-5145 | Unsecured | | $0.00 | $5,970.76 | $5,970.76 |

Exhibit C
ANALYSIS OF CLAIMS REGISTER

Case Number: 1:09-24416-SPS  
Debtor Name: VINEETA PRASAD  
Claims Bar Date: 9/26/2011  

Date: December 22, 2014

| Code # | Creditor Name And Address | Claim Class | Notes | Scheduled | Claimed | Allowed |
|---|---|---|---|---|---|---|
| 7<br>300<br>7100 | Chase Bank Usa Na<br>Po Box 15145<br>Wilmington, De 19850-5145 | Unsecured | | $0.00 | $4,673.26 | $4,673.26 |
| 8<br>300<br>7100 | Chase Bank Usa Na<br>Po Box 15145<br>Wilmington, De 19850-5145 | Unsecured | | $0.00 | $10,132.85 | $10,132.85 |
| 9<br>300<br>7100 | Chase Bank Usa Na<br>Po Box 15145<br>Wilmington, De 19850-5145 | Unsecured | | $0.00 | $8,479.29 | $8,479.29 |
| 10<br>300<br>7100 | Law Office Of Christopher Cooper, Inc.<br>500 N. Michigan Ave. Suite 1514<br>Chicago Il 60611 | Unsecured | | $0.00 | $8,000.00 | $8,000.00 |
| 11<br>300<br>7100 | Vineeta Prasad<br>630 N. State St.<br>#2710<br>Chicago, Il 60654 | Unsecured | CLAIM DISALLOWED PER COURT ORDER | $0.00 | $15,000.00 | $15,000.00 |
| | Case Totals | | | $0.00 | $185,318.27 | $139,234.51 |

Code#: Trustee's Claim Number, Priority Code, Claim Type (UTC)

Page 2   Printed: December 22, 2014

**UST Form 101-7-TFR (5/1/2011)** *(Page: 7)*

### TRUSTEE'S PROPOSED DISTRIBUTION

Exhibit D

Case No.: 09-24416
Case Name: VINEETA PRASAD
Trustee Name: GREGG SZILAGYI

Balance on hand                                      $

Claims of secured creditors will be paid as follows:

NONE

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| Trustee Fees: GREGG SZILAGYI | $ | $ | $ |
| Attorney for Trustee Fees: BALDI BERG & WALLACE | $ | $ | $ |
| Charges: Clerk of the U. S. Bankruptcy Court | $ | $ | $ |

Total to be paid for chapter 7 administrative expenses         $_____

Remaining Balance                                              $_____

Applications for prior chapter fees and administrative expenses have been filed as follows:

NONE

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $        must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

NONE

      The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

      Timely claims of general (unsecured) creditors totaling $_____ have been allowed and will be paid *pro rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be ___ percent, plus interest (if applicable).

      Timely allowed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 1 | Discover Bank | $ | $ | $ |
| 2 | N. A. Fia Card Services | $ | $ | $ |
| 3 | N. A. Fia Card Services | $ | $ | $ |
| 4 | Chase Bank Usa Na | $ | $ | $ |
| 5 | Chase Bank Usa Na | $ | $ | $ |
| 6 | Chase Bank Usa Na | $ | $ | $ |
| 7 | Chase Bank Usa Na | $ | $ | $ |
| 8 | Chase Bank Usa Na | $ | $ | $ |
| 9 | Chase Bank Usa Na | $ | $ | $ |
| 10 | Law Office Of Christopher Cooper, Inc. | $ | $ | $ |

      Total to be paid to timely general unsecured creditors    $_____

      Remaining Balance    $_____

      Tardily filed claims of general (unsecured) creditors totaling $_____ have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be ___ percent.

UST Form 101-7-TFR (5/1/2011) *(Page: 9)*

      Tardily filed general (unsecured) claims are as follows:

NONE

      Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $      have been allowed and will be paid *pro* *rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be      percent.

      Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

NONE